Our next case for argument is 21-1796, Brandt Diagnostics v. Alere. Mr. Bunker, please proceed when you're ready. Thank you, Your Honors, and may it please the Court. The Board erred in two ways in finding Claims 3-6 and 10 unpatentable. First, the Board improperly allowed Alere to attempt to backfill fatal gaps in its petition with new arguments and a new expert declaration on reply. Second, even considering Alere's new arguments and new evidence, the Board's unpatentability determination did not find substantial evidentiary support in the record. If we look at the first error, the law and the rules require that an IPR petitioner in its petition identify with particularity the full grounds and evidence for its challenge and to include the full arguments for the relief it is seeking. An IPR petitioner may not use a reply to add new arguments and new evidence that should have been included. Is your argument that in this case the arguments that were made in the reply are totally devoid of any type of connection with the arguments that were made before that filing? Yes, our position is that in the petition, the arguments were conclusory and therefore when Alere came back on reply to try to fix those mistakes or fill in those gaps, that is tatamount to making a new argument on reply. And that's our basis for that in cases such as Wayseeker findings. What's a reply for then? The reply is for, under the case law... It's to respond to arguments previously made. It is to respond in a proper response to arguments made and also Alere had the opportunity to point the board to evidence in its petition that the board overlooked or maybe misunderstood or to clarify the board's misunderstanding of evidence or arguments in its petition. If we had submitted new evidence, Alere could have responded to that evidence as well. But we did not. So Alere did not point to the board to evidence that was in the petition that the board overlooked. It didn't point to arguments in the petition that the board misunderstood. It was not responding to evidence that we submitted because we submitted no evidence with our... It was responding to arguments that you made. In our view, we were not making new arguments. What we did was point out gaps that they failed to close in their petition. You mean the reply is limited to responding to new arguments? The reply can respond to an argument, but that response may not add new arguments or new evidence improperly in violation of the statute. So certainly a response is okay, but that doesn't... This is a totally abstract discussion. I mean, your description of the situation doesn't correspond to my reading of the record. What are a couple of examples where the reply created new arguments that didn't exist in the petition in the first place? One example that comes to mind is if we look at claims three through six. Claims three through six was ground 12 in the petition. The primary reference was tidings. The secondary references were McKay and Leon. In the petition, Allure asserted that the motivation for modifying the primary reference tidings was provided by our own patent, which is improper. You cannot use our patent teaching against itself. That is classic hindsight. That's at appendix 160. Allure also asserted that a motivation for modifying tidings was to, quote, and this is at appendix 163, achieve the benefits of having the liquid sample contact the test strip only at a predetermined designated area designed for direct contact with the liquid, as taught by McKay or Leon. Okay. Allure said achieve the benefits, but what benefits? Allure identified and described no benefits. To that point, I think they also argued that a skilled artisan would have been motivated to make a proposed modification removing the wicking material to tidings to reduce cost and simplify tidings devices. Isn't that a response both at a broad level and yet at a very detailed technical level? I don't believe so, Your Honor. That's our whole issue, is that in the petition, Allure simply said achieve the benefits without identifying or explaining what those benefits are. In our patent owner response, we said Allure failed to satisfy his burden because it didn't explain what those benefits are. Then on reply, that's where Allure comes back and tries to fix its mistake by saying cost reduction and simplifying the tidings robot. But that's exactly what a reply is for, is to elaborate on a point that was made in the petition. And this doesn't seem to be a new argument. It just seems to be an elaboration of what they meant by benefits. We see it differently, Your Honor. We do see it as going beyond simply an elaboration. When the rules require the petitioner to identify their ground with particular in the petition and they insert a broad, generic, undefined benefit or motivation, it's not proper to come back on reply and actually explain, okay, what we really meant was X, Y, and Z. To us, that is not an elaboration. That's a new argument. And we see that in the case law, such as Waseca Finance and also the non-presidential decision of Microsoft v. IPA Technologies. There, the court said this argument is not responding to any non-conclusory argument in the petition. Therefore, it's a new one and it should not be considered on reply. Okay, so see if you can walk me through this because I'm having trouble following it exactly. For Claims 3-6, what is it that you say they limited themselves to in the petition as far as the motivation to combine? It's not so much limited as that they failed to articulate what the motivation is. In our view, they said achieve the benefits of direct fluid delivery. But achieve the benefits of direct fluid delivery and then you challenged that in your patented response and they came back and replied. And didn't they just point to the patent itself with the claim that those benefits are removing wicking material and reorienting the flow control channels? Well, to the extent they pointed to our own patent, that doesn't satisfy their burden. Our patent is not prior art and cannot supply a motivation. But I think more what they did, and you can see this at appendix 777 in their reply. What they did on reply is come back and say, well, the benefits, the previously unidentified benefits are to one, reduce cost. But when you say the previously unidentified benefits, wouldn't it be fair for the board to interpret the benefits that they articulate in the petition as being the same benefits you articulate in the patent? I don't think that solves the issue, though. What the inventor came up with and what the inventor solved the problem can't be then turned against the inventor and used against the inventor as a roadmap for the invention. To us, that's hindsight. It wasn't like the inventor in the patent said the prior art teaches X, Y, and Z. It wasn't an omission of prior art in the patent. What the allure was using is that they said, well, the patent says you can do this and it was beneficial. Well, that's because we figured it out. That was why we got a patent. So the problem with your argument for me, one of the problems with your argument, is you're so in the weeds. This is substantial evidence stuff. And then you're saying it wasn't raised in the petition, so therefore they shouldn't have been able to say it this way in the reply. It looks like to me that it's okay in the reply. But the real problem is, for me, you know what? You're so in the weeds, and this isn't something that we do on appeal. This is something you should have brought before the board, and you didn't bring this particular issue before the board. This case went back on remand, and while you made general allegations about new evidence, you didn't identify this one. So if you had, that would really help us, right? Because then the board could have addressed this very nuanced, very factual, very narrow case-specific issue. But they didn't because you didn't raise it for them. And so now you want us on appeal to dig into something very factual and narrow that's hard to understand when there isn't a finding from the board that would help you. May I make two points in response? Yeah, because basically I'm saying you forfeited this argument. So tell me why you didn't forfeit it, why your general allegations of new evidence, which wasn't specific to this, nonetheless preserved it. So what we argued in our brief, and what we maintain, is what we said in our surreply down to the board on page 1, and also what we said to the board at the oral hearing, was sufficient to put the board on notice of our objection to Aaliyah's reply, including the two grounds that are issued on this appeal. Where in the surreply did you raise this point? In our view, we raised this point on the first page of our surreply, where we objected to Aaliyah's reply. Which appendix is that? This is 793, Your Honor. Thank you. And I would add that we also emphasized the same objection at the oral hearing before the board. Okay, but all this does on 793 is just a general statement, as Chief Judge Moore said, about these are new arguments. But you didn't specify which ones were new arguments. You didn't specify these that we've been talking about here as new arguments. To the extent that Aaliyah asserts that every statement from the reply needs to be identified as new or not to the board, we don't see any support for that. We maintain that what we said in the surreply... The forfeiture has an equitable component to it. And on appeal, you want me to dig deep into the weeds and try to understand this nuanced difference between what they did say in the petition on Motivation for Claims 3-6 and then what they elaborated on in the reply. And you'd like me to make some factual determination that those things are not an expansion of one argument, but rather a completely new argument. But when we contemplate forfeiture, it bothers me that you didn't raise that argument with any particularity like you are now for us to the board. Had you done that, the board could have addressed it in the first instance in detail. And then I wouldn't be in this awkward position of trying to understand these nuances that you're drawing between the petition and the reply. So for me, with all due respect, this is exactly what notions of forfeiture go to or waiver or whatever you want to say because you had an opportunity to flesh this out and there could have been a fact-finding body that would have given me helpful and detailed information to understand how to understand these issues and you didn't. And so now you want the appeal court to do it in the first instance. I don't know, it doesn't feel like something that I feel like I should really get into since you had a chance to bring it below and you didn't. Let me make a couple of points, Your Honor. So first off, we do have the guidance from the board itself and its trial practice guide where the board says, we are capable of identifying new issues and belatedly presented evidence, number one. Number two, I would also add that in the final written decision, the board addressed new arguments and new evidence for a ground on which we did not elaborate as we did with other egregious examples in Aaliyah's reply. And you can see that on Appendix 59. I don't know how that helps you. The fact that the board itself identified something wrong with the process, great, that's awesome, but it doesn't relieve you of your obligation to identify other things that you think are wrong with the process if you then want to bring them on appeal. The point being that the fact that the board is addressing things outside of the grounds on which we elaborated, in our view, supports the conclusion that the board understood our objection is not limited to simply the grounds that we pointed out as egregious examples of these new arguments and new evidence. I'd also add that we are not simply dealing with a review of board... In the decision, the board didn't address the new evidence theory in connection with the arguments that you're making now. They did not address the new arguments and new evidence on the two grounds that were at appeal. But in our view, the fact that we did not elaborate on those two does not mean that we forfeited that argument. In our view, in what we said at the oral hearing and what we said in our certify... Look at that page you drew our attention to on 793, and that's the introduction of the certify brief. It talks about the new approaches go beyond responding to the patent owner's arguments and should be disregarded, and that the new theories nevertheless fell on the merits. Then you go on and argue. You're saying basically that it's the same argument. You go, they still fail to teach. The petitioner still stretches new approaches to achieve that... You're saying that these new arguments are basically the... It's material that's already been handled. And you don't argue here that it would be improper for the board to consider the arguments. In fact, you say it's more merits and we think they still fail. I don't think it's making this... In our view, it's not making this the same point. Our point was that they shouldn't have been considered in the first place. They were new because they weren't made in the petition adequately. But the second argument is, even if you consider them, let's consider those. They still don't have substantial evidentiary support in the record because they don't find support in the prior art. They conflict with the prior art. There's no substantial evidentiary support for those new assertions. Okay. Thank you, counsel. Thank you. We'll restore... Even though you used it all, I'll restore your three minutes of rebuttal time. Thank you. Mr. Wilcox. Thank you, Chief Judge Moore, and may it please the court. Jason Wilcox on behalf of ALEAR. Chief Judge Moore, I think you're exactly right on this issue of whether we raise an improper argument in our reply. It was waived by Rembrandt below because they didn't raise it to the board. You mean waived or forfeited? I said waived. If you want to consider it forfeiture, I think that's okay. This court uses it colloquially... uses it both ways in its opinions and generally uses waiver as a shorthand. But I think whether you consider it waiver or forfeiture, it leads to the same result. And as you said, if you look at Appendix 793, which is where they say they raised this in their cert reply, they make just generic statements about there supposedly being new arguments without offering any detail, and then when they get into the... They do offer detail, but it's about Sipkowski or whatever. It isn't one of the issues we have here. That's exactly right, Judge Dyken. That's exactly where it's going to go, which is when they wanted to point out to the board and ask the board to look at a new argument, they went into detail for the combination of McKay and Sipkowski at Appendix 794 through 806, and over and over again in that section, they argued there were new arguments, that they were improper. They cited the regulations. They cited this court's cases. That's how you put the board on notice that there's a new argument. But then when they got to the combinations that matter here on Appendix 806 to 809, and again at Appendix 813, they didn't come back and make those same arguments. They instead just addressed it on the merits. So I think it was entirely appropriate and fair for the board to interpret their arguments that they were making about whether there were improper new arguments in reply as limited just to the combination of McKay and Sipkowski, which is not a ground that the board relied on in finding Claims 3 through 6 and Claim 10 obvious. And then Mr. Bunker also mentioned the oral hearing. Well, if you look at Appendix 790, sorry, 974 to 975, which is the oral hearing where they raise this, they again make a general assertion that there were new arguments, and then they give the board one example, and it's the combination of McKay and Sipkowski. They don't go on to raise any concerns about the combination of McKay with Charm or May or the combination of tidings with McKay or Leo. So we think the court doesn't even then need to get into whether there were improper new arguments on reply, but we think that there weren't. What they talked about specifically was Claims 3 through 6 and the combination of tidings with Leo and McKay. And there, as the court noted, we pointed out there were benefits. The board understood the benefits that we were talking about were the ones that are identified in the patent. You can see that at Appendix 336. The board's question was, but we're not sure whether people would have recognized that benefit before this patent came out. Then in our reply and in Dr. Bohannon's declaration, he came back and pointed out that if you look at Leo in itself, at Column 3, Lines 65 to 67, it talks about the advantages of removing the wicking material and addressed that concern. So this isn't a case like Wasika, which is the one case that Mr. Bunker mentioned, where all that happened in the petition was a party just said, if it is anticipated, it would have been obvious, with absolutely no articulation, and then came back in the reply and tried to offer a completely new theory of a motivation to combine. For Claims 3 through 6, and also for Claim 10, the prior art was exactly the same in our petition, and in our reply, the motivation to combine was exactly the same. We didn't introduce any new documentary evidence. It was just Dr. Bohannon, in our reply, responding to their attorney argument, which is exactly what the board's rules say is okay. It's what this court's cases say is okay. And there's no reason to second-guess that decision here. And as a matter of fact, for this combination of Leone with Tidings in particular, the board, in its final written decision, at Appendix 34 to 35, specifically said, when we pointed out, well, look at Leone itself, that that was a proper reply argument. So even though they didn't object, the board went out and affirmatively made a finding. That's not an abuse of discretion. I welcome the court's questions, but otherwise we rest on our briefs and thank the court for its time. Thank you, Mr. Wilcox. Mr. Bunker, you've got three minutes to rebuttal. Thank you, Your Honors. Just a few points. First, I disagree with the statement that the board recognized what those benefits were. While the institution decision down below is not binding, we recognize this. The fact that the board declined to institute on those grounds, finding that Aaliyah failed to even show a likelihood of proving infringement on those claims, undercuts the suggestion that the board recognized what it meant by saying benefits or saying these conclusory assertions. It wasn't until the reply where they articulated their new arguments, such as reducing cost, simplifying the device, where the board said, okay, that's enough. We don't think that's enough, but that's what happened here. So we disagree that it was just elaborating or clarifying what came in the petition. That clearly was not the case. Counsel also mentioned the citation to a portion of Leone, and I think this fits into the same category. That citation to Leone that counsel mentioned was not in the petition. It wasn't until after the board pointed out the gap in the petition that on reply, Aaliyah came back and said, well, how about this portion of Leone? In cases like Arioso where it says the identification of a previously unidentified portion of a prior art reference is a new argument and we were not going to consider it. That addresses that issue. The other point that we didn't talk about claim 10 on the substantial evidence issue for claim 10. If I might just take a few seconds on claim 10. This is the embodiment of a single flow control channel with multiple test strips disposed in the same flow control channel. On the merits, even considering all... I don't think you brought this up in your opening, did you? I did not get to this point, Your Honor, that's correct. It's not fair to Mr. Wilcox because then he didn't get a chance to respond. You'll have to rest on your briefs on the claim 10 argument. Okay, I'll pass on that. Maybe I can make one more point. As I started mentioning earlier in the argument, I think this is responsive to what Mr. Milcox said. We are not simply talking about a review of board procedure here. There is a statute. 35 U.S.C. 312 mandates what must be in the petition. We disagree with the characterization that this is something that the board is entitled to deference or fact-finding. There is a statute here. If the board did not follow the law, then that is an abuse of discretion and the board's decision should be set aside. Thank you, Your Honors. Thank both counsel for their argument. This case is taken under submission.